UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MUSSETT,
    Plaintiff,

v.                                           CASE NO.:  8:15-cv-2757-T-24TBM

ONE TOUCH DIRECT, LLC, a Florida
limited liability company,
    Defendant.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, ANGELA MUSSETT ("Plaintiff"), by and through her undersigned counsel, and pursuant Local Rule 3.01(b), hereby files her Memorandum in Opposition to Defendant's Partial Rule 12(b)(6) Motion to Dismiss and/or Rule 12(e) Motion for a More Definite Statement, and Incorporated Memorandum of Law and in support thereof state:

**MEMORANDUM**

On or about November 27, 2015, Plaintiff filed a two-count Complaint asserting claims for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and unpaid wages under Chapter 448, Florida Statutes.  On December 23, 2015, Defendant filed its Defendant's Partial Rule 12(b)(6) Motion to Dismiss and/or Rule 12(e) Motion for a More Definite Statement, and Incorporated Memorandum of Law ("Motion").  Boiled down to its essentials, Defendant's Motion argues that Count II of Plaintiff's Complaint, which alleges state law claim for unpaid wages, lacks sufficient allegations and must be either dismissed or in the alternative, the Court should order a more definite statement. Because Plaintiff's Complaint, Count II included, fully satisfies the pleading requirements

1

under Fed.R.Civ.P. Rule 8, Defendant's Motion should be denied.

*Applicable Standard*

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While the Rule does not require that a complaint include detailed factual allegations, a pleader must include more than unadorned, conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint must contain all facts establishing the plaintiff's an entitlement to relief with more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir.2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Whether a complaint states a plausible claim for relief is a context-specific task requiring the court to apply judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

However, *Twombly* and *Iqbal* should not be read to contravene the principles of notice pleading under Rule 8. Allegations allowing the "reasonable inference" that the defendant is liable for the alleged misconduct are sufficient. *Iqbal*, 556 U.S. at 678. Simple and straightforward claims, such as those for unpaid compensation under FLSA do not require detailed allegations concerning the amount of hours worked and the amounts claimed *see U.S. Sec'y of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir.2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward"); *Burton v. Hillsborough Cnty., Fla.*, 181 Fed. Appx. 829, 840 (11th

Cir.2006) ("Neither the FLSA nor the relevant case law contemplate, let alone require, such a heightened pleading standard for overtime wage claims"). Because Count II sufficiently puts Defendant on notice of Plaintiff's claim, Defendant's Motion should be denied.

*Florida Recognizes a Common Law Claim for Unpaid Wages*

Defendant argues that Plaintiff failed to articulate a valid legal basis for her state law claim noting that she cited only to Section 448.08, Florida Statutes, which provides for attorneys' fees to successful litigants in unpaid wages claims. Defendant's argument is unavailing. While there is no statutory cause of action for unpaid wages under Florida law, Florida recognizes a common law claim for unpaid wages. *See McRae v. Douglas*, 644 So. 2d 1368, 1371 at n. 1 (Fla. 5th DCA 1994)(discussing common law action for recovery of unpaid wages). Federal courts dealing with pendant state law claims for unpaid wages, have allowed claims to proceed under Florida common law. *See Baker v. Fid. Mortg. Direct Corp.*, 8:10-CV-2596-T-24, 2011 WL 1560665, at *2 (M.D. Fla. 2011)(allowing count for unpaid wages to proceed under Florida common law where Plaintiff cited §448.08 as basis for unpaid wages claim); *Short v. Bryn Alan Studios, Inc.*, 2008 WL 2222319, at *3 (M.D.Fla. May 28, 2008) (same); *Sobinski v. Learning Connections of Pensacola LLC*, 3:14-CV-00345-RS-CJK, 2014 WL 5092268, at *4 (N.D. Fla. 2014). In addition, § 448.08, Florida Statutes, authorizes an award of attorneys' fees to an employee who successfully sues an employer for unpaid wages. §448.08, Fla. Stat.

Count II sufficiently sets forth a claim for unpaid wages under Florida common law and pleads entitlement to attorneys' fees under § 448.08, Florida Statutes.

*Count II of Plaintiff's Complaint Satisfies Rule 8*

Defendant also argues that Count II of Plaintiff's Complaint fails to provide specifics "with respect to the number of days she was required to work without compensation, how many hours she worked without compensation, the type of work she was asked to perform, [and] who asked her to perform the work." Neither Rule 8 nor *Twombly* or *Iqbal* can be read to impose such a detailed pleading requirement in a simple unpaid wage claim.

All that Rule 8 requires is a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Short v. Bryn Alan Studios, Inc.*, 808-CV-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. 2008). To satisfy the requirements of Rule 8, all Plaintiff needs to do is present enough fact to give rise to a reasonable expectation that discovery will reveal sufficient evidence that she is owed compensation for the work she performed while in Defendant's employ. *See id.* (plaintiff's unpaid wages claim satisfied Rule 8 where plaintiff did not provide detailed specifics as to the amount of wages owed).

Here, Plaintiff alleges that she was hired to work as a customer service representative in Defendant's Tampa call centers and that Defendant failed to compensate Plaintiff for all hours worked. Plaintiff's allegation are indeed sufficient to put Defendant on notice of the nature of her claims. Much like Plaintiff's claim under the FLSA (which Defendant properly does not attack), detailed allegations concerning the number of hours worked are unnecessary to support her state-law claim for unpaid wages under the notice pleading standard contemplated by Rule 8. *See Castillo v. Groundlevel, Inc.*, 8:13-CV-

01585-T-27, 2013 WL 5499611, at *2 (M.D. Fla. 2013) (to state a claim under FLSA detailed allegations concerning the amount of time worked are unnecessary under Rule 8); *Burton v. Hillsborough Cnty., Fla.*, 181 Fed. Appx. 829, 840 (11th Cir.2006) ("Neither the FLSA nor the relevant case law contemplate, let alone require, such a heightened pleading standard for overtime wage claims."). Having been put on notice of Plaintiff's claims for unpaid wages, simple discovery will flesh out the number of unpaid hours Plaintiff worked and the total amount of her claim. Defendant's Motion should be denied.

## CONCLUSION

Count II of Plaintiff's Complaint satisfies the pleading requirements under Rule 8 and sufficiently puts Defendant on notice of Plaintiff's claims for unpaid wages. For the reasons set forth above, Defendant's Motion should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically send a copy to:

Christine E. Howard, Esq.,  
Fisher & Phillips, LLP  
101 E. Kennedy Blvd., Suite 2350  
Tampa, FL  33602  
Telephone:  (813) 769-7500  
choward@laborlawyers.com

Michelle I. Anderson, Esq.  
Fisher & Phillips, LLP  
201 St. Charles Ave., Suite 3710  
New Orleans, LA  70170  
Telephone:  (504) 522-3303  
manderson@laborlawyers.com

    s/ Joseph P. Kenny  
Joseph P. Kenny, Esq.  
FBN: 59996  
WEBER, CRABB & WEIN, P.A.  
5999 Central Avenue, Suite 203  
St. Petersburg, FL  33710

        Telephone: (727) 828-9919
       Emails: joseph.kenny@webercrabb.com
          sandra.peace@webercrabb.com
       ATTORNEY PLAINTIFF