UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MUSSETT,

    Plaintiff,

v.    Case No. 8:15-cv-2757-T-24 TBM

ONE TOUCH DIRECT, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss or for a More Definite Statement. (Doc. No. 10). Plaintiff opposes the motion. (Doc. No. 12). As explained below, the motion is denied.

## I. Background

Plaintiff Angela Mussett alleges the following in her complaint (Doc. No. 1): In April of 2012, Defendant One Touch Direct, LLC hired Plaintiff as a customer service representative. Defendant classified her as a non-exempt, hourly employee. Plaintiff asserts two claims against Defendant.

First, Plaintiff asserts a Fair Labor Standards Act claim. Specifically, Plaintiff alleges that at various times during her employment, she worked in excess of forty hours per week, yet Defendant failed to compensate her at the proper rate of one and one-half times her regular rate for all hours worked in excess of forty. Instead, Defendant calculated Plaintiff's overtime rate of pay by excluding commissions from the calculation.

Second, Plaintiff asserts an unpaid wages claim under Florida law. In support of this claim, Plaintiff alleges that from November of 2013 and continuing to the present, Defendant has

failed to compensate her for all of the hours that she has worked.

## II. Motion to Dismiss or for a More Definite Statement

In response to the complaint, Defendant filed the instant motion to dismiss or for a more definite statement. This motion is directed only to the unpaid wages claim under Florida law.

### A. Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

Defendant argues that Plaintiff's unpaid wages claim should be dismissed, because she

fails to articulate specific facts to support her claim. Defendant contends that Plaintiff should have provided allegations regarding "the number of days she was required to work without compensation, how many hours she purportedly worked without compensation, the type of work she was asked to perform, [and] who asked her to perform the work." (Doc. No. 10). However, this is the type of detail that Defendant can obtain during discovery. Plaintiff has put Defendant on notice as to the nature of her claim, and her failure to include more specific detail is not fatal to her claim. See Short v. Bryn Alan Studios, Inc., 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008)(rejecting the defendant's argument that failure to allege the amount of wages owed was fatal to the plaintiff's unpaid wages claim).

Additionally, Defendant argues that Plaintiff's unpaid wages claim is deficient, because she merely cites to Chapter 448 of the Florida Statutes and fails to cite to a specific provision that she believes that Defendant violated. The Court rejects this argument, because Florida recognizes a common law claim for unpaid wages, and Florida Statute § 448.08 provides that a court may award a prevailing party in an unpaid wages action their attorneys' fees. See id. Accordingly, the Court concludes that Defendant's motion to dismiss must be denied.

### B. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored under the law. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the

motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." Eye Care International, Inc. v. Underhill, 92 F. Supp.2d 1310, 1316 (M.D. Fla. 2000)(citation omitted).

"Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." Id. (citation omitted).

This Court has already determined that Plaintiff's complaint is sufficient to put Defendant on notice as to the nature of her claim and that the type of detail that Defendant seeks can be obtained during discovery. Therefore, the Court denies Defendant's motion for a more definite statement.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss or for a More Definite Statement (Doc. No. 10)is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of January, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record